# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**EZEQUIEL ESTEBAN MARTINEZ CABRERA,**
**A# 209-147-541,**

    **Petitioner,**

vs.                                         **Case No. 4:20cv352-TKW-MAF**

**WILLIAM BARR, et al.,**

    **Respondents.**
_____/

## ORDER and REPORT AND RECOMMENDATION

The pro se Petitioner initiated this case on July 10, 2020, by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Petitioner's motion was granted and the petition was reviewed and deemed sufficient for service. ECF No. 4. Petitioner had demonstrated a prima facie case as he alleged being a native and citizen of Cuba who was ordered removed on February 22, 1999. ECF No. 1 at 3. Petitioner was taken into custody on March 2, 2020, and sought release on the basis that "ICE [had] been unable to remove/deport petitioner to any

country." *Id.* Petitioner claimed there was "no significant likelihood of removal in the reasonably foreseeable future" and he should be "released under ICE supervision." *Id.* at 4. Thus, service was directed on July 16, 2020, and Respondents required to respond to the petition. ECF No. 4.

On July 28, 2020, Petitioner's copy of that Order was returned to the Court as undeliverable. ECF No. 6. The postal stamp on the envelope said only "return to sender" and it appears that Petitioner is no longer in detention at the Wakulla County Jail. *Id.*

Moreover, Respondents filed a motion to dismiss the petition as moot on July 20, 2020. ECF No. 5. Respondents state that Petitioner "was released from ICE custody on July 9, 2020, with conditions of supervision." *Id.* at 1. Attached to the motion is an exhibit revealing, first, that Petitioner was granted a stay of removal for one year and, second, that Petitioner was released from detention on an Order of Supervision. ECF No. 5-1. Those documents provide information concerning Petitioner's address upon release. ECF No. 5-1 at 3. Therefore, because Petitioner has been afforded the relief sought in the petition and is no longer in custody, the petition, ECF No. 1, should now be dismissed as moot.

The motion to dismiss contains a certificate of service indicating the motion was furnished to Petitioner at his address of release. ECF No. 5 at 3. The Clerk of Court is required to mail this Order and Report and Recommendation to Petitioner at that address. If Petitioner disputes that this case is moot, he must immediately file "objections" and a notice of change of address.

## ORDER

It is **ORDERED** that the Clerk of Court shall forward this Order and Report and Recommendation to Petitioner at 28940 Louisiana Road, Homestead, Florida 33033, *see* ECF No. 5 at 3, and his address of record.

## REPORT AND RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 5, be **GRANTED**, and the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on July 29, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:20cv352-TKW-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.